The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The parties stipulated that defendant paid compensation to plaintiff from November 12 to November 24, 1991, and from January 8 through March 16, 1992.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of November 1991, plaintiff had been employed by defendant almost fourteen years as a mechanic. He worked in the tire shop on the date in question and his job involved removing tires from the rims. On November 11, 1991 he sustained a compensable injury by accident at work. As he was lifting the side of a tire in order to stand it upright, he experienced the onset of low back pain which radiated into his left leg.
2. Following the injury, plaintiff received chiropractic treatment for a short period of time and then was sent to Dr. Blake who apparently provided further conservative treatment. A rehabilitation specialist subsequently sent him to Dr. Barron, an orthopedic surgeon who first examined him on February 24, 1992. Plaintiff continued to experience back and leg pain as of that date. Dr. Barron was of the opinion that he had sustained a low back strain which aggravated his L4-5 disc and prescribed medication and physical therapy. On March 13 plaintiff's leg pain was improved and he had almost completed a work conditioning program. Since a functional capacity evaluation indicated that he was capable of medium level work, Dr. Barron released him to return to work at light duty for two weeks and then to move to full duty.
3. Plaintiff returned to work on March 17, 1992 in a light duty position where he inspected and built tire valve stems. After working in this capacity for a period of time, he was moved back to the tire changer position. However, his supervisor provided assistance for him with the lifting and instructed him to not do anything which would hurt his back. He was able to perform his job duties, as modified, well and was considered to be a good employee.
4. On May, 12, 1992 plaintiff returned to Dr. Barron for follow-up. His back was still bothering him but his leg pain was significantly improved. Dr. Barron felt that he had reached maximum medical improvement and released him from medical care. He was to continue his work activities except that he was to avoid sweeping.
5. Plaintiff continued to experience back pain which he felt was worsening and wanted to return to Dr. Barron in June. However, defendant sent him instead to Dr. Sweet, a neurosurgeon, for evaluation. Dr. Sweet examined him on August 13, 1992 and was of the impression that he had mild chronic low back pain, probably on the basis of degenerative arthritis of the lumbosacral spine. No treatment or further work up was recommended, and Dr. Sweet was of the opinion that he could continue working.
6. Plaintiff sought another opinion from Dr. Hamaty on October, 1992. Dr. Hamaty diagnosed his condition as lumbosacral dysfunction due to degenerative disease of the spine aggravated by sprain plus myofascial pain and a posture disorder. Unlike Dr. Barron and Dr. Sweet, Dr. Hamaty, who was the director of the Pain Therapy Center, was of the opinion that there were other treatment options which should be pursued.
7. In May or June 1992 plaintiff informed Mr. Honeycutt, the department manager, that he would be retiring in December when he would qualify for full retirement benefits through the Teamsters Union. He continued to perform his work duties, as modified, until December 26, 1992 when he submitted his written notice of retirement to the company. During the time before his retirement, he said nothing to Mr. Honeycutt about his retirement being related in any way to his back injury. He also did not complain of his job duties being a problem or request further assistance or accommodation.
8. Following his retirement, plaintiff made no effort to find other employment. He was 61 years old, had a GED which he obtained while in military service, and had additional schooling in air conditioning and in welding. His primary work experience was in various forms of mechanic work. He was capable of working full time in a job which did not require regular lifting of over 30 to 35 pounds and was able to perform the job duties as they had been modified with defendant. The heaviest thing he had to lift was a bucket of grease which weighed 20 to 25 pounds. Consequently, he suffered no loss of earning capacity as a result of his back injury.
9. There is insufficient evidence of record from which to prove by its greater weight that as a result of the compensable accident plaintiff was rendered permanently and totally disabled. Plaintiff voluntarily removed himself from the work force when he retired.
10. Plaintiff reached maximum medical improvement on May 12, 1992. He sustained a 5% permanent partial disability to his back as a result of the injury by accident giving rise to this claim.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to compensation for total and permanent disability. G.S. 97-29; Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
2. Plaintiff is entitled to compensation at the rate of $402.85 per week for 15 weeks for the 5% permanent partial disability he sustained to his back as a result of this injury by accident. G.S. 97-31(23).
3. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. G.S.97-2(19); G.S. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $402.85 per week for 15 weeks for his permanent partial disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. An attorney's fee in the amount of $1,510.69 is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Stann.
4. Defendants shall pay the costs. However, plaintiff's motion that the witness fee of Mr. Haney be assessed against defendant is DENIED.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
DISSENTING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER